UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANDA FORD,

    Plaintiff,

v.                                           CASE NO.  8:05-CV-2137-T-26MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying her claim for period of disability, disability insurance benefits (DIB), and supplemental insurance benefits (SSI).  In summary, she argues the Administrative Law Judge ("ALJ") erred in 1) failing to fully and adequately consider all of the Plaintiff's impairments; 2) giving inadequate weight to the Plaintiff's treating medical sources; 3)  relying upon the vocational expert's responses to faulty hypothetical questions; and 4) failing to fully and adequately weigh the substantial evidence.  After consideration, I find the Commissioner erred by failing to consider Plaintiff's fibromyalgia and related complaints of pain.  Accordingly, the case is remanded to the Commissioner for further administrative proceedings.

    *A. Background*

Plaintiff, who was fifty years old at the time of her administrative hearing, has a high school education, some clerical training, and past relevant work experience as a telephone salesperson, an insurance clerk, a door-to-door salesperson, a customer service representative, a

word processor, and a mortgage investigator. She asserts she became disabled on May 29, 1998, due to bilateral carpal tunnel syndrome, left cubital tunnel syndrome, depression, back pain, neck pain, and fibromyalgia. She filed an application for period of disability and DIB on March 25, 1999, and her claim was denied at the initial and reconsideration levels. After the ALJ denied Plaintiff's application, the Plaintiff requested review by the Appeals Council. The Appeals Council granted review, vacated and remanded the case to the ALJ to consider new and material evidence. The Appeals Council merged applications Plaintiff filed on January 31, 2001, for DIB and SSI into her March 25, 1999, applications, the ALJ again denied benefits in an opinion dated April 22, 2005, and the Appeals Council denied review. The Plaintiff has exhausted her administrative remedies and the case is now ripe for review.

    *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national

economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

Plaintiff contends the ALJ erred in four distinct ways, however, only two merit discussion. Plaintiff argues the ALJ neglected to discuss her documented history of fibromyalgia[1] and

---

[1] The National Institute of Health and National Institute of Arthritis and Musculoskeletal Skin Diseases define fibromyalgia as a disorder that causes muscle pain and fatigue (feeling tired). Fibromyalgia sufferers have "tender points" on the body. Tender points are specific places on the neck, shoulders, back, hips, arms and legs. These points hurt when pressure is put on them. Please with fibromyalgia may also have other symptoms, such as trouble sleeping, morning stiffness, headaches, painful menstrual periods, tingling or numbness in hands and feet, and problems with thinking and memory (sometimes called "fibrofog"). *See* www.niams.nih.gov (March 2005).

improperly dismissed and failed to consider the opinion of her treating physician, Dr. Haynes. Plaintiff relies on an unpublished Eleventh Circuit opinion, *Stewart v. Apfel*, 2000 U.S. App. LEXIS 33214, 245 F.3d 793 (11th Cir. 2000).[2] The court in *Stewart* stated that the ALJ cannot reject a treating physician's opinion without sufficient explanation and that in a case of fibromyalgia, the treating physician's opinion is even more valuable because fibromyalgia lacks objective signs. *Id* at \*\*6-7.

While some of the medical evidence indicates that despite her allegations of pain and fibromyalgia she is capable of work (R. 783), the overwhelming majority of Plaintiff's medical records show consistent and longstanding complaints of incapacitating pain (R. 771), a hallmark of fibromyalgia. Through the years doctors have labeled her constant, consistent complaints of pain as fibromyalgia (Dr. Castellvi at R. 480, Dr. Halpern at R. 810, Dr. Haynes at R. 974), myofascial pain syndrome (Dr. Chowdhari at R. 492, 496, 513, 527, Dr. Gomes at R. 486, Dr. Barsa, R. 354), and bilateral upper extremity pain (Dr. Haynes, 807). Their diagnoses differ and none of the doctors found much objective evidence to support her complaints and their conclusions, but none of these numerous treating doctors who have generated over 900 pages of medical records have concluded her complaints were exaggerated or feigned. In fact one consultant completing a physical residual functional capacity assessment concluded that Plaintiff's "neck pain appears credible and is supported by MER" (R. 313). Likewise, her pain management doctor, Dr. Barsa., stated she "seems motivated to get better, and she is simply not getting there" (R. 345).

---

[2] Unpublished opinions are not binding precedent; however they may be cited as persuasive authority. *See* 11th Cir. R. 36-2. The *Stewart* case is addressed because Plaintiff specifically relied on it.

Despite this backdrop, the ALJ failed to acknowledge these diagnoses and only briefly addressed Plaintiff's complaints of pain before dismissing them as unsupported by objective evidence (R. 39). He mentioned that at the administrative hearing Plaintiff "reported that she had fibromyalgia" (R. 30) but neglected to discuss the condition, or the myofascial pain syndrome diagnosis, in his review of the medical evidence or in his determination at step two of Plaintiff's severe impairments. This failure to address fibromyalgia or the other diagnoses based on the same symptoms as a separate and distinct condition was error. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing to 20 C.F.R. § 404.1520(a)(4)(ii) for the proposition that at step two the ALJ must consider the medical severity of the claimant's impairments). As the Plaintiff noted, the Eleventh Circuit recognizes that "fibromyalgia often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms." *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) citing *Stewart v. Apfel*, 2000 U.S. App. LEXIS AT *9. In light of *Moore* and *Stewart*, remand is needed because the ALJ should have considered Plaintiff's fibromyalgia-related complaints instead of concluding without discussion that Plaintiff's subjective complaints and credibility were "highly suspect" as unsupported by objective findings. On remand, the ALJ should consider Plaintiff's fibromyalgia and its many symptoms (including pain and depression), and weigh these impairments alone and in combination with the other severe impairments he found.     Further, I agree with Plaintiff that the ALJ improperly dismissed Dr. Haynes' note dated January 31, 2002, written on a prescription pad  *See* R. 807. The note is stamped "VOID" only because it is a photocopy of the original prescription page, and the "VOID" appears as a security feature to prevent tampering. On remand the ALJ should consider Dr. Haynes' opinions, including his January 31, 2002, opinion that she was "temporarily disabled due to bilateral upper

5

extremity pain" (R. 807).  Of course, the regulations indicate that disability determinations are ultimately the decision of the Commissioner, and the Commissioner need not adopt disability determinations of treating doctors.  *See* 20 C.F.R. § 416.927(e)(1).

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.  The Clerk is directed to enter judgment for the Plaintiff with directions remanding the case to the Commissioner for further administrative proceedings consistent with this order.

IT IS SO ORDERED in chambers at Tampa, Florida on this 2nd day of February, 2007.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE